JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

SUSAN E. ANDERSON
Arizona Bar #020343
Asst. Federal Public Defender
Attorney for Defendant
susan_anderson@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Jimmy Daniel Rodriguez,<br><br>　　　　　Defendant | No. CR-23-1412-PHX-DJH<br><br>**OBJECTIONS TO PRESENTENCE REPORT – LOSS AMOUNT AND RESTITUTION** |

Jimmy Daniel Rodriguez, through undersigned counsel, respectfully submits these objections to the draft presentence report (PSR), regarding the calculation of the loss amount for guidelines purposes and the restitution amount.  Objections to proposed conditions of probation will be submitted separately.

**1.	The defendant objects to using "intended loss" in PSR paragraph 20 instead of actual loss for guidelines purposes, as use of the actual loss amount is more accurate, subject to less disagreement by the parties, and more suited to the context of a pre-indictment resolution of the case.**

Use of the actual loss amount here for guidelines purposes is most appropriate, given the pre-indictment resolution, as it best promotes accuracy and fairness.  The actual loss amount is, at most, the total of the two PPP loans actually distributed to the defendant ($52,200 plus $145,500 for a total of $197,700).  More accurately, it is the stipulated restitution amount (at most $116,218), which accounts for permissible loan expenditures.

The defendant was provided a target letter and invited to resolve the case pre-indictment, which he voluntarily did. The plea agreement was negotiated pre-indictment, based on limited disclosures from the government. The government intentionally limited its disclosures in this pre-indictment context, which is not subject to Rule 16 requirements (Federal Rules of Criminal Procedure) or other protections due defendants post-indictment. The parties reached an agreement as to the loss amount, which is reflected in the stipulated restitution amount in the plea agreement. Under the circumstances, use of the actual loss amount for guidelines purposes is most appropriate because it is supported by the limited pre-indictment discovery and is consistent with the defendant's sworn admissions in the factual basis of the plea.

To instead use a much higher "intended loss" amount, in the pre-indictment context, without the protections of Rule 16 or other due process, is unfair and could discourage similar pre-indictment resolutions. The "intended loss" amount here is unsupported by admissions by the defendant or an agreement of the parties. It is more speculative than using the actual loss amount. It relies on assumptions based on certain tax returns and incomplete accounting data that purportedly do not corroborate the representations in the defendant's requests for COVID relief. Shifting the burden to the defendant to rebut these assumptions places him in the untenable position of opening his books and records to inspection and making representations that go well beyond the scope of his factual basis, all before the plea agreement is accepted and before the government is subject to any enforceable promises. This implicates the defendant's Fifth and Sixth Amendment rights.

If this objection is sustained, then the offense level and the guideline range would be reduced. If an actual loss amount of $116,218 is utilized, the offense level enhancement for loss amount would be +8. *See* USSG 2B1.1(b)(1). If an actual loss amount of $197,700 is utilized, the offense level enhancement for loss amount would be +10. *See id.*

**2.      The defendant objects to the "intended loss" amount calculated in the PSR, because it is overstated.**

**A.      The Jimmy Rodriguez for Congress PPP loan application is not relevant conduct and should not be counted.**

The Jimmy Rodriguez for Congress PPP loan application should not be used for an "intended loss" amount calculation, as it is not relevant conduct.

First, there is insufficient evidence to support using the Jimmy Rodriguez for Congress PPP loan application as relevant conduct in the loss calculation. The limited discovery does little more than note the application was submitted and provide bare bones information about purported payroll information. No copy of the application was provided. Neither the discovery nor the factual basis of the plea agreement contain admissions by the defendant regarding the loan application. The discovery indicates that the loan was fully canceled by April 30, 2020. There is no indication of who canceled the loan application or why. Having insufficient evidence regarding the loan application, and no evidence that the loan was declined or canceled by the lender rather than the applicant, use of this loan application as relevant conduct in the loss calculation is speculative.

Second, even assuming there was sufficient evidence relating to the Jimmy Rodriguez for Congress PPP loan application to use it in the loss calculation, it still does not fall within the scope of relevant conduct. The offense of conviction here is for a false statement on a PPP loan application for Keene Performance. A loan application for a different entity is not part of the same course of conduct or common scheme or plan as the offense of conviction.

Sustaining this objection alone but still using all four EIDL loan applications in an "intended loss" amount calculation would not change the offense level or guideline range.

3

**B.    The four EIDL loan applications are not relevant conduct and should not be counted. However, even if they are relevant conduct, only one loan application should be counted, as only one loan was sought.**

As a threshold matter, the EIDL loan applications should not be used for an "intended loss" amount calculation, as they are not relevant conduct.

First, there is insufficient evidence to support using the EIDL loan applications as relevant conduct in the loss calculation. The limited discovery does little more than note the applications were submitted and provide bare bones information about dates, gross revenues, and cost of goods sold. No copies of the applications were provided. Neither the discovery nor the factual basis of the plea agreement contain admissions by the defendant regarding the EIDL loan applications.

Second, even assuming there was sufficient evidence relating to the EIDL loan applications to use them in the loss calculation, they still do not fall within the scope of relevant conduct. The conviction here is for a false statement on a PPP loan application for Keene Performance. The EIDL is a different program, involving loans that can be used for different purposes, must be repaid, and are not forgivable. The differences are significant enough to exclude a purportedly fraudulent attempt to obtain an EIDL loan from being counted as part of an alleged scheme or plan to defraud the PPP program.

Even if the EIDL loan applications are countable in the loss calculation, the amount used in the loss calculation is overstated.

The four EIDL loan applications are improperly added together as if four cumulative loans were sought. The multiple applications merely reflect the defendant being advised that an earlier application was deficient. They are serial attempts to obtain one loan, not four loans. They reflect attempts to cure deficiencies in an earlier application or to re-apply based on changed circumstances. The applications were all submitted in 2020, one subsequent to the other, and all used the same business name, the same EIN, and the same or similar gross revenue and cost of goods sold data. There is

4

no evidence of an effort to hide who was seeking the loan or why. This is consistent with an attempt to secure a single loan, and it is inconsistent with a theory that the defendant was trying to persuade the SBA to issue four cumulative loans.

At most, only one EIDL loan application should be used in the "intended loss" amount calculation. Per the PSR writer, the case agent advised that any of the first three loan applications, if granted, would have generated a loan amount of $182,435. The final loan application, if granted, would have generated a loan amount of $164,889. Thus, no more than $182,435 should be counted toward the total "intended loss" amount, based upon an attempt to obtain a single EIDL loan.

Sustaining this objection in either part would reduce the offense level and the guideline range:

- If the EIDL loans are not counted, then the "actual loss" amount would be utilized for guidelines purposes, because it is higher. If an actual loss amount of $116,218 is utilized, the offense level enhancement for loss amount would be +8. *See* USSG 2B1.1(b)(1). If an actual loss amount of $197,700 is utilized, the offense level enhancement for loss amount would be +10. *See id.*

- If one EIDL loan amount ($182,435) is counted, the offense level enhancement for loss amount would be +10. *See id.* If the Jimmy Rodriguez for Congress PPP loan amount ($76,879) is counted in addition to one EIDL loan amount ($182,435), the offense level enhancement for loss amount would be +12. *See id.*

**3.    The defendant objects to the restitution amount reflected in the PSR.**

The PSR calculates the restitution amount as $197,700. This is the full amount of the two PPP loans distributed to the defendant. However, the government has agreed not to seek restitution in excess of $116,218. This is included as a stipulation in the parties' plea agreement. The lesser amount reflects the parties' debate and ultimate compromise regarding the actual loss amount when accounting for the possibility of permissible loan

5

expenditures and legitimate business expenses. The discovery, plea, and the defendant's admissions demonstrate not that he would have been denied a loan altogether but that he would not have received the loan amounts he did absent his false statement. The parties' stipulated restitution amount is a reasonable compromise and should be accepted.

      Respectfully submitted:    June 17, 2024.

                                        JON M. SANDS
                                        Federal Public Defender

                                        *s/Susan E. Anderson*
                                        SUSAN E. ANDERSON
                                        Asst. Federal Public Defender

Copy e-mailed to:

Rochelle M. Collins
U.S. Probation Officer
Phoenix, Arizona

Jimmy Daniel Rodriguez
Defendant

  *s/sea*