JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

SUSAN E. ANDERSON
Arizona Bar #020343
Asst. Federal Public Defender
Attorney for Defendant
susan_anderson@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-23-1412-PHX-DJH |
|---|---|
| Plaintiff, | **OBJECTIONS TO PRESENTENCE REPORT** |
| vs. | **Re: PROPOSED CONDITIONS OF PROBATION** |
| Jimmy Daniel Rodriguez, | |
| Defendant | |

Jimmy Daniel Rodriguez, through undersigned counsel, respectfully submits these objections to the draft presentence report (PSR), regarding the proposed conditions of probation.  Objections to the calculation of loss amount and restitution amount were submitted separately.

**Objection to Standard Condition 3:**

Standard condition 3 states:  "You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer."

Mr. Rodriguez objects to standard condition 3 as currently written because it would interfere with his ability work and maintain his business.  Mr. Rodriguez resides in Perris, California, with his wife and daughter, and he also runs his own business, Keene Motorsports, out of Glendale, Arizona.  His work requires him to travel regularly between

Perris, California, and Glendale, Arizona. He also sometimes travels to motorsports races across the southwest for the purpose of marketing his business and obtaining new customers and orders. Requiring him to obtain advance permission to travel for work purposes would be burdensome and unnecessary and may unfairly interfere with his ability to sustain his business if permission was slow in coming for any reason or was denied. He requests that the Court amend standard condition 3 to eliminate the need to seek advance permission to travel to his Arizona business location to run his motorsports business or to travel to motorsports races for marketing purposes to grow his motorsports business.

Mr. Rodriguez proposes amending standard condition 3 to add the following two sentences:

    1. "You are permitted to travel freely, without notice or advance permission, between your residence in California and your motorsports business in Arizona for work purposes."

    2. "You are permitted to travel to motorsports races in California, Arizona, and Nevada, without advance permission, for business marketing purposes, so long as you advise your probation officer of the dates and location of each business trip at least five business days in advance."

**Objection to Special Condition 2:**

Special condition 2 states: "You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts over $1,000 without the prior approval of the probation officer."

Mr. Rodriguez objects to special condition 2 and asks that it be stricken entirely or modified because, as currently written, it would interfere with his ability to run and maintain his business. As noted, Mr. Rodriguez runs his own motorsports business. He builds parts and engines for race and off-road vehicles. Completing each project involves negotiating sales and purchase contracts and buying individual parts and supplies, any of which can easily exceed $1,000. Inserting a probation officer into the process and

2

requiring advance approval to negotiate sales contracts, negotiate purchase contracts, or even to buy individual parts as needed, would be unduly burdensome and unworkable. It would stall his daily work and potentially risk his ability to sustain his business.

Mr. Rodriguez understands the rationale for imposing some restrictions or oversight on his financial transactions given the nature of the offense conduct and the imposition of restitution. He would not object if special condition 2 were amended to clarify that it applies only to major purchases or financial obligations or financial contracts over $1,000 that are undertaken for personal reasons and not on behalf of Keene Performance or for any business purpose. He would also not object to requiring that he obtain prior approval before applying for any SBA or other government sponsored loan on behalf of Keene Performance or for any business purpose.

**<u>Objection to Special Condition 3</u>:**

Special condition 3 states: "You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office."

Mr. Rodriguez objects to special condition 3 to the extent that it appears to apply broadly to both personal and business financial information. This risks inserting the probation officer into his books and ledgers and contracts relating to his motorsports business and potentially would interfere with his ability to run and sustain his business. This condition raises similar concerns to those already expressed above in the objection to special condition 2. Mr. Rodriguez would not object if special condition 3 were amended to clarify that it applies only to personal financial information and not that of Keene Performance.

3

**Objection to Special Condition 4:**

Special condition 4 states: "You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments."

Mr. Rodriguez objects to special condition 4 because it is unclear how he would go about informing the court of any material change in his economic circumstances. He proposes that this condition be modified to require him to notify his probation officer of such material changes and not the court.

**Objection to Special Condition 5:**

Special condition 5 states: "You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664."

Mr. Rodriguez objects to special condition 5 as written because it seems vague and overbroad and does not make sufficiently clear what is required of him. Does "making restitution" require him to pay the full amount of the restitution order immediately or risk prison, or will complying with a court-ordered payment plan satisfy this special condition? Mr. Rodriguez proposes amending this condition to require him to "pay restitution pursuant to and consistent with the court's judgment and sentencing order."

**Objection to Special Condition 6:**

Special condition 6 states: "You must cooperate with the Internal Revenue Service and pay all tax liabilities. You must file timely, accurate and lawful income tax returns and provide proof to the probation officer."

Mr. Rodriguez objects to special condition 6 and asks that it be stricken. This condition is vague and overbroad and overreaching. This special condition suffers from the same lack of clarity as special condition 5. Mr. Rodriguez's tax liabilities may be

4

quite substantial. Does failure to pay all tax liabilities in full immediately right after sentencing risk violation and prison?

Ultimately, the condition is unnecessary. The IRS is perfectly capable, without the court's assistance, of collecting tax liabilities due and enforcing the requirements of filing timely, accurate, and lawful income tax returns. If Mr. Rodriguez's conduct with respect to filing returns or paying tax liabilities were to run afoul of the law, then that conduct would already be covered by mandatory condition 1, which states: "You must not commit another federal, state, or local crime."

**Objection to Special Condition 7:**

Special condition 7 requires substance abuse testing.

Mr. Rodriguez objects to special condition 7 because the record does not reflect the existence of a substance abuse problem or even a risk of a substance abuse problem. He uses alcohol only rarely. The only drug he has ever used is marijuana, and he has not used that since 2019. When he did use it, it was for treating back pain, and he had a medical marijuana card. There is insufficient evidence of a problem and insufficient evidence of a nexus to the current offense to support imposition of this condition.

Respectfully submitted:   June 18, 2024.

JON M. SANDS
Federal Public Defender

 s/Susan E. Anderson
SUSAN E. ANDERSON
Asst. Federal Public Defender

5

1  Copy e-mailed to:

2  Rochelle M. Collins
   U.S. Probation Officer
3  Phoenix, Arizona

4

5  Jimmy Daniel Rodriguez
   Defendant

6

7    *s/sea*

6