GARY M. RESTAINO
United States Attorney
District of Arizona

LINDSAY SHORT
Arizona State Bar No. 034125
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Lindsay.Short@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>  vs.<br><br>Jimmy Daniel Rodriguez,<br><br>    Defendant. | No. CR-23-01412-PHX-DJH<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT** |

The United States of America herein responds to Defendant's Objections to the Presentence Report (Docs. 29, 30).

**<u>Loss Amount</u>**

The government respectfully agrees with Defendant that the "intended loss" should not be used to calculate the loss amount pursuant to U.S.S.G. § 2B1.1(b)(1) in this case. The government understands the reasoning for using the "intended loss" number, particularly in light of U.S.S.G. § 2B1.1, comment n.3(A). However, the government agrees with Defendant that the "actual loss" is the more appropriate loss measurement in this matter. Particularly given the procedural history and pre-trial resolution in this matter, the actual loss more appropriately reflects the parties' agreement of the loss in this matter.

The government's position is that the appropriate loss amount is $197,700—the

value of the two PPP loans that Defendant obtained using false and fraudulent information. This would result in a 10-level enhancement pursuant to § 2B1.1(b)(1)(F). Alternatively, as Defendant indicates, the parties stipulated to a restitution amount of $116,218 as a compromise restitution amount upon assessment of Defendant's expenditures. Should this amount be used as the loss amount, the result would be an 8-level enhancement pursuant to § 2B1.1(b)(1)(E). While the government believes the former to be a more appropriate loss amount than the latter, either would more accurately reflect the loss in this matter than the *intended* loss amount in this particular case.

*If* the Court does consider the loss amount in this case to include the "intended loss," the government's position is that the "Jimmy Rodriguez for Congress" PPP loan application, and the four EIDL loan applications on behalf of Defendant's business, Keene Performance, should all be included as relevant conduct pursuant to U.S.S.G. § 1B1.3. Those applications, all involving requests submitted by Defendant for pandemic-related relief based on fraudulent information, constituted willful acts by Defendant during, in preparation for, or in the course of attempting to avoid detection for his offense of False Statement to a Government Agency. *See* U.S.S.G. §1B1.3. Each constituted a separate, distinct attempt to receive funds to which he was not entitled.

However, as indicated, the government ultimately agrees with Defendant that those attempted loan applications should not be considered as part of the loss amount in this matter.

**Restitution**

The government agrees with Defendant's objection to the restitution amount. As Defendant indicates, the parties stipulated in their plea agreement to a restitution amount not to exceed $116,218 as a reasonable compromise. This binding stipulation should be accepted, and the restitution amount so modified. (*See* Doc. 14 at 3.)

**Standard Condition No. 3**

In light of Mr. Rodriguez's residential and employment circumstances, the

government has no objection to Defendant's proposed modification to Standard Condition No. 3, or similar modification by the Court. (Doc. 30 at 2.)

**Special Condition No. 2**

Given the nature of the offense, the government believes it appropriate and warranted to impose Special Condition No. 2 in this case. The government does not object to the proposed clarification that this condition apply to *personal* purchases of over $1,000. (The government would also have no objection to any condition requiring prior approval before Defendant applies for any SBA or other government sponsored loan.)

**Special Condition No. 3**

The government believes this condition should be imposed. It is an appropriate condition in light of Defendant's offense conduct, and is routinely applied in fraud-related cases. It is also not anticipated to be a particularly burdensome condition (and it only applies at the Probation Office's request). Further, Mr. Rodriguez has already agreed in his plea agreement to make a "full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose." (Doc. 14 at 3.)

**Special Condition No. 4**

The government believes this condition should be applied in light of the circumstances of this case. The government defers to the Court and the Probation Officer as to whether an amendment to notify "his probation officer," rather than "the court," is appropriate.

**Special Condition No. 5**

The government believes that the standard language of Special Condition No. 5 is appropriate, but also has no objection to the proposed modification.

**Special Condition No. 6**

The government believes Special Condition No. 6 to be an appropriate condition

given the circumstances of his offense. It is not vague and simply requires Defendant to pay his tax liabilities and timely file income tax returns during the term of probation (and provide proof of those filings).  Further, Defendant appears to be already actively working to remedy his tax situation with the IRS. (PSR ¶ 50.) The government has no objection to the imposition of a deadline for paying outstanding tax liabilities, should it provide additional clarity.

**Special Condition 7**

As to Special Condition No. 7, requiring substance abuse testing, the government defers to the Court and to the Probation Officer.

Respectfully submitted this 21st day of June, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Lindsay Short*
LINDSAY L. SHORT
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants who have entered their appearance as counsel of record.

*s/Lindsay Short*
U.S. Attorney's Office