JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

SUSAN E. ANDERSON
Arizona Bar #020343
Asst. Federal Public Defender
Attorney for Defendant
susan_anderson@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jimmy Daniel Rodriguez,<br><br>Defendant | No. CR-23-1412-PHX-DJH<br><br>**SENTENCING MEMORANDUM** |

Jimmy Daniel Rodriguez is before this Court for sentencing for the offense of false statement to a government agency, for overstating his business's average monthly payroll and number of employees to obtain a PPP loan during the pandemic. Under his plea agreement, Mr. Rodriguez specifically agrees to pay restitution in an amount no greater than $116,218.00 (which accounts for offsets for permissible loan uses and legitimate business expenditures), and the government specifically agrees to recommend a sentence of probation. We urge the Court to accept the parties' plea agreement and to impose a probation sentence. This may require a slight downward variance from the guideline range, depending on the Court's resolution of Mr. Rodriguez's objections to the loss amount calculated in the PSR. Even with the higher loss amount, the PSR-writer recommends a downward variance to a probationary sentence. As the PSR-writer points out, Mr. Rodriguez "has remained law abiding while on release, does not have significant

drug or alcohol issues, has maintained employment, and has a supportive family." PSR at ¶ 69. And, because these pro-social factors reduce his risk to repeat the offense conduct, a term of imprisonment is unnecessary. *See id.* We urge the Court to follow the recommendations of the government and probation officer and impose probation regardless of how it resolves the loss amount objections.

The offense conduct here occurred during an unprecedented pandemic that left many businesses like Mr. Rodriguez's unable to interact with customers and sustain revenues, with little notice or ability to adjust to the circumstances and stay afloat. Mr. Rodriguez supported himself and his family by running his motorsports business. When customers disappeared and new sales shrank unexpectedly due to pandemic shutdowns, he panicked. The stress and uncertainty led him to use very poor judgment in a desperate search for means to stay afloat and avoid losing his business.

Mr. Rodriguez deeply regrets this lapse in judgment. He also regrets the pain his misconduct has caused his family, especially as they have also had to bear the trauma of losing his son in a tragic accident in 2022. Despite the stress and trauma, Mr. Rodriguez has managed to cope and to show resiliency. He accepted responsibility and entered a guilty plea, after agreeing to resolve the matter pre-indictment and save the government the time and resources of indicting and litigating the case. He has remained law-abiding while on release and has continued to maintain his motorsports business and support his family. This bodes well for his ability to succeed on probation, put this regrettable episode behind him, and stay on a productive path.

Mr. Rodriguez's offense conduct calls for a sanction and reimbursement to the victim. These purposes can be achieved with probation. A probation sentence would permit the Court to impose up to five years of supervision and to require Mr. Rodriguez to continue to work and make restitution payments. The Court can protect the public by limiting Mr. Rodriguez's ability to apply for government or other loans and by ensuring that his finances are monitored. Unlike a prison term, a probation term will allow Mr.

Rodriguez to keep his business going, pay restitution, support his family financially and emotionally, and meet his own mental health needs.  His wife and daughter need his presence and his support, and this gives him great motivation to stay on the right track. Even after probation is complete, the stigma and disabilities that come with this felony conviction will follow Mr. Rodriguez for his lifetime.  The additional sanction of prison time is unnecessary to punish him or dissuade him from repeating this offense.  Probation will better serve the public interest.

While a probation sentence may fall slightly below the guideline range, this Court has the discretion to impose a downward variance under *United States v. Booker*, 543 U.S. 220 (2006), which made the guidelines advisory, and to determine that probation is the appropriate sentence for Mr. Rodriguez, even if the guidelines may recommend prison.  *See Gall v. United States*, 552 U.S. 38, 48-49 & n.4 (2007) (recognizing that probation, while not as qualitatively severe as a term of incarceration, still results in the "substantial restriction" of freedom and "is not merely 'letting an offender off easily'") (citation omitted).

Both Congress and the Sentencing Commission have expressed approval of probation sentences in circumstances, such as those here, involving a zero-point offender and a non-violent offense.  *See* USSG 5C1.1, comment. n.10(A)-(B) (noting that probation is generally appropriate for zero-point offenders in Zone A or B, and also noting that a downward departure to probation may be appropriate for zero-point offenders whose offense of conviction is "not a crime of violence or an otherwise serious offense."); *see also* 28 U.S.C. § 994(j).

Imposing a sentence of probation here would not work an unwarranted sentencing disparity.  It is not uncommon in this district for defendants who have committed federal fraud or theft offenses with substantial loss amounts to receive probation.  Some examples include:

- *U.S. v. Adrien Lopez*, CR-22-1287-GMS-1 (defendant sentenced to five years of probation for transactional money laundering after pleading to one count of a 30-count indictment, with intended loss amount of $1.55 million and actual loss/restitution amount of $111,386, relating to submitting fraudulent applications for PPP and EIDL loans and loan forgiveness between March 2020 and September 2021 on behalf of a business he just created around March 2020 apparently to apply for the pandemic-relief loans);

- *U.S. v. Victor Bretthauer*, CR-21-1057-DLR-1 (defendant sentenced to three years of probation for theft of government funds, with loss/restitution amount of $606,030, for converting to his own use the military retirement pay of his deceased father from 2002 to 2019);

- *U.S. v. Frederick Stahmer*, CR-21-793-SHR-1 (Tucson division) (defendant sentenced to five years of probation for wire fraud, with loss amount of $1.5 million and restitution amount of $1.2 million, for defrauding investors in the defendant's concert promotion and production company);

- *U.S. v. Joseph Begay*, CR-20-8145-SMB-1 (defendant sentenced to five years of probation for embezzlement from an Indian Tribal Organization, with loss/restitution amount of $125,000, for converting to his own use— through creation of fictitious checks—funds belonging to a tribal broadcasting corporation from 2016 to 2018);

- *U.S. v. Doreen McGurn*, CR-20-500-SMB-1 (defendant sentenced to five years of probation for theft of government funds, with loss/restitution amount of $232,413, for converting to her own use widow's benefit payments from the Department of Veterans Affairs designated for her deceased mother-in-law from 2003 to 2019);

- *U.S. v. Brandi Hughes*, CR-19-1072-JJT-1 (defendant sentenced to five years of probation for theft of public money, with a loss/restitution amount of $206,467, for converting to her own use—using a debit card and forged checks—social security benefits designated for her deceased father from 2014 to 2018);

- *U.S. v. Steven Roy*, CR-19-1028-JJT-1 (defendant sentenced to five years of probation for theft of government funds, with a loss/restitution amount of $214,120, for obtaining disability insurance benefits and then retirement insurance benefits from 1998 to 2015 using a deceased man's identity);

4

- *U.S. v. Cheryl Webber*, CR-19-290-DJH-1 (defendant sentenced to five years of probation for theft of government funds, with loss/restitution amount of $187,371, for converting to her own use survivor benefits from the Department of Veterans Affairs from 2002 to 2015 intended for a deceased woman for whom the defendant had a power of attorney);

- *U.S. v. Cortasha Upshaw*, CR-15-8251-SRB-1 (defendant sentenced to five years of probation for health care fraud, with loss/restitution amount of $244,000, for defrauding AHCCCS while running a transportation business for non-emergency Medicaid/AHCCCS appointments).

The reasons to keep Mr. Rodriguez in the community outweigh the reasons to place him in custody, and a probationary sentence with conditions can be crafted to achieve the goals of sentencing.

Respectfully submitted:    June 25, 2024.

JON M. SANDS
Federal Public Defender

*s/Susan E. Anderson*
SUSAN E. ANDERSON
Asst. Federal Public Defender

Copy e-mailed to:

Rochelle M. Collins
U.S. Probation Officer
Phoenix, Arizona

Jimmy Daniel Rodriguez
Defendant

 *s/sea*